UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN GONZALEZ,

                          *Plaintiff*,

-against-

170 31ST ST. REAL ESTATE INC.; JOHN F SINDONI; and VINCENT J TRUNCALI JR.,

                          *Defendants*.

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, JUAN GONZALEZ ("Plaintiff"), brings this action for damages and other legal and equitable relief against defendants 170 31ST ST. REAL ESTATE INC., (the "Entity Defendant" or the "Company"), JOHN F. SINDONI; and VINCENT J TRUNCALI JR., (collectively, the "Defendants"), upon personal knowledge as to himself and upon information and belief as to others, for violations of New York State Labor Law ("NYLL"), Fair Labor Standards Act ("FLSA"), and any other causes of action that can be inferred from the facts set forth herein:

**NATURE OF THE ACTION**

      1.     This lawsuit seeks to recover damages for violation of federal overtime law, state law concerning frequency of pay and failure to provide a wage notice and wage statements, as well as injunctive and declaratory relief against Defendants' unlawful actions, and attorney fees and costs.

      2.     Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* to seek damages from Defendants depriving him of lawful wages.

1

3.	Plaintiff also brings this action for Defendants' violations of New York Labor Law ("NYLL") §§ 190, 195, and Part 141 of Title 12 N.Y. Comp. Codes R. & Regs. ("NYCRR").

## JURISDICTION AND VENUE

4.	This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.	The Entity Defendant is subject to personal jurisdiction in New York as it does business in New York.

6.	Venue is proper in the Eastern District of New York pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## THE PARTIES

7.	Plaintiff Juan Gonzalez is an adult, over eighteen years old, a citizen of New York State and resides in Kings Country, New York.

8.	At all relevant times, Plaintiff is a covered individual within the meaning of the FLSA, U.S.C. §§ 206(a) and (207(a), and NYLL §§ 190(2) and 651(5).

9.	Defendant 170 31ST ST. REAL ESTATE INC., is a domestic business corporation, organized and existing under the laws of the State of New York.

10.	According to the most recent records available from the New York State Department of State. Defendant 170 31ST ST. REAL ESTATE INC., lists for itself a service of process address as follows: THE CORPORATION, PO BOX 376, MIDDLE VILLAGE, NY,

UNITED STATES, 11379.

11. The Entity Defendant is considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiff's employment.

12. Defendants maintained control, oversight, and direction over Plaintiff in regard to timekeeping, payroll, and other employment practices, and functioned as employers pursuant to the NYLL.

13. Upon information and belief, Defendant John Sindoni and Defendant Vincent Truncali own and/or operate the Entity Defendant.

14. Upon information and belief, Defendant John Sindoni and Defendant Vincent Truncali are agents of the Entity Defendant.

15. Upon information and belief, Defendant John Sindoni and Defendant Vincent Truncali have power over payroll decisions at the Company.

16. Upon information and belief, Defendant John Sindoni and Defendant Vincent Truncali have the power to hire and fire employees of the Company, establish, and pay their wages, set their work schedules, and maintain their employment records.

17. During all relevant times herein, Defendants was Plaintiff's employer within the meaning of the FLSA and NYLL.

18. At all times relevant to this action, Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiff.

<u>**PLAINTIFF'S FACTUAL ALLEGATIONS**</u>

*FLSA & NYLL CLAIMS*

19. Plaintiff Juan Gonzalez was employed by Defendants as janitor on or around

July 2015 until April 2022.

20. As a janitor, Plaintiff was responsible for the management of operations, maintenance, and improvement of Defendants residential properties.

21. From on or around July 2015 to on or around January 2016, Plaintiff worked as a Residential Janitor for Defendants residential complex site located at: 170 31st Street, Brooklyn, New York 11232, which consisted of 20 units.

22. Plaintiff was a building superintendent at the three separate buildings in Brooklyn, NY which were geographically close to each other: locations: 171 29th Street, Brooklyn, New York 11232 and 173 29th Street, Brooklyn, New York 11232. In the beginning, for the first 6 months, he worked only at 170 31st Street, Brooklyn, NY 11232, Residential Building with 20 Units. He was the only person who worked there. After the first approx. 6 months, he started working at two more buildings. 171 29th Street, Brooklyn, NY 11232, and the other at 173 29th Street, Brooklyn, NY 11232. Each building has about 18 apartments.

23. Plaintiff was never told how many hours per week he would have to work. Instead, Defendants told him he would been to work full time Monday thru Friday, occasional weekends, and be available to respond to emergencies 24/7.

24. In practice, Defendant had to routinely work seven days per week to complete all of his assigned duties and respond to all tenant emergencies. Usually he worked starting at 9am and ended around 5pm, Monday thru Friday, with an occasional day or two past 5pm; and most weekends he would do an additional 5-10 hours.

25. Defendant routinely required Plaintiff to work an average of 40 hours per week, including the requirement that he be on call 24 hours a day, seven days a week to deal with any issues that arise in his respective work location, without receiving minimum wages and or

overtime pay as required by law.

26. During his employment, over twenty-five percent of Plaintiffs duties were physical tasks, including but not limited to: (1) inspecting grounds and facilities to identify necessary repairs, (2) performing heavy and light cleaning, including mopping, sweeping, taking out the garbage and other maintenance tasks assigned by Defendants.

27. At all relevant times, Plaintiff was an "employee" within the meaning of NYLL 190(2) and a "manual worker" within the meaning of NYLL 190(4).

28. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff was compensated by Defendants on a monthly basis.

29. Defendants paid Plaintiff as a salaried employee and did not require or permit him to clock in and out.

30. Plaintiff was paid approximately $300 to $400 per month for the site located at: 170 31st Street, Brooklyn, New York 11232.

31. Plaintiff was paid at a salaried rate of approximately $400 to $450 per month for the sites located at: 171 29th Street, Brooklyn, New York 11232 and 173 29th Street, Brooklyn, New York 11232.

32. In seven years, Defendants did not give Plaintiff a single raise. They employed him, continued to assign him more duties, and entrusted him with running their buildings, and he did a great job, and he got ZERO raises over 7 years.

33. Defendants failed to pay Plaintiff on a timely basis as required by the NYLL.

34. Defendants have not obtained any variance or other permission from New York State to pay manual workers less frequently than weekly.

35. Defendants failed to pay Plaintiff overtime pay for overtime hours.

36. Plaintiff was never informed of New York or federal overtime rules and regulations.

37. Defendants failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

38. Defendants failed to provide Plaintiff with accurate wage statements on each payday containing specific categories of information, as required by NYLL.

39. Defendants failed to provide Plaintiff with wage notice(s) at the time of hiring and/or on an annual basis containing specific categories of information as required by NYLL.

40. Defendants failed to keep payroll records as required by both NYLL and the FLSA.

41. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime Pay

42. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

43. At all relevant times, upon information and belief, Defendants was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the

6

FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Plaintiff was entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

51. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

52. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff

is entitled to liquidated damages pursuant to the FLSA.

54. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Failure to Pay Timely Wages

56. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff.

57. Defendant failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a).

58. Despite being a manual worker as defined in NYLL 190(4), Defendants failed to properly pay Plaintiff his wages within seven calendar days after the end of the week in which these wages were earned as required by NYLL 191.

59. Defendants have not obtained any variances or other permission from New York State to pay manual workers less frequently than weekly.

60. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## COUNT III: NYLL – Unpaid Minimum Wages

61. Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

62. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

63. Pursuant to Part 141, Building Service Industry Wage Order, Defendants were required to pay Plaintiff a unit rate based on the number of units for which he was a resident or nonresident janitor.

64. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff his minimum wages.

65. NYLL 191(1) defines "Wages" as follows: "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission, or other basis (NYLL § 190 [1]).

66. Pursuant to the NYLL, "For buildings with any number of units, resident or nonresident janitor and any type of heating the rate per unit per week shall be, for work performed in New York City for large employers of eleven or more employees: $7.35 on and after December 31, 2016; $8.65 on and after December 31, 2017 and $10.00 on and after December 31, 2018." NYLL § 141-1.2(a)(1).

67. Defendants employed Plaintiff on or about July 2015 until on or around April 2022.

68. Defendants are considered a larger employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

69. Defendant failed to pay Plaintiff his wages earned, throughout the relevant time period because he was paid below the minimum wage as required by the NYLL.

70. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, the difference between the wages paid and the wages that would have been owed

9

pursuant to the minimums established by minimum wage and overtime, together with maximum liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### COUNT IV: NYLL – Failure to Provide Proper Wage Statements

71. Plaintiff re-alleges and reavers all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with proper wage statements upon each payment of wages, as required by NYLL §195(3).

73. Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### COUNT V: NYLL – Failure to Provide Wage Notices

74. Plaintiff re-alleges and reavers all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiff with a written notice, in English, of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

76. Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, respectfully requests that this Court grant the following

relief:

A. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

B. Awarding Plaintiff unpaid overtime wages;

C. Awarding Plaintiff unpaid wages;

D. Awarding Plaintiff unpaid spread of hours compensation;

E. Awarding Plaintiff untimely wage payments in the form of liquidated damages;

F. Liquidated damages permitted by law pursuant to the NYLL;

G. Awarding Plaintiff punitive damages;

H. Prejudgment and post-judgment interest;

I. Reasonable attorneys' fees and costs of the action; and

J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: March 5, 2023
New York, New York

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff*

11