**Law Office of Mohammed Gangat**
675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714 mgangat@gangatpllc.com

**June 1, 2023**

*via ECF*
Honorable Judge Hector Gonzalez
United States District Court - EDNY
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, NY 11201

**RE:** ***Juan Gonzalez v. 170 31st St. Real Estate Inc.***
**Case No. 1:23-cv-01679-HG**

To the Honorable Judge Gonzalez:

I represent plaintiff Juan Gonzalez ("Plaintiff") in the above action. I write in response to the pre motion letter submitted by defendants 170 31st St. Real Estate Inc., John Sindoni, and Vincent Truncali, Jr. ("Defendants") on May 15, 2023 [ECF #16].

Defendants intend to file a motion to dismiss seeking dismissal of Plaintiff's claims alleging Defendants violated New York Labor Law Section 195. That law requires that employers provide employees with a wage notice upon hiring, and wage statements with each payment of wages. Both the notice and the statements must state the employee's overtime rate, and the statements must list overtime hours.

Defendants argue that the claims are subject to dismissal because Plaintiff lacks Article III standing. Defendants argue that Plaintiff alleges the employer failed to give notice, but does not allege how he suffered any injury.

There has been a spate of decisions addressing standing for these claims. One of the most recent is Guthrie v. Rainbow Fencing Inc., 21-CV-5929 (KAM)(RML) (E.D.N.Y. Feb. 24, 2023) and it discusses opinions coming out on both sides of the issue. In Guthrie, Judge Matsumoto held it's not enough to simply allege the wage notice law was violated and there was also an underpayment of wages.

In another recent controversy, the Court found "construing all reasonable inferences in Plaintiff's favor, the Complaint sufficiently pleads that that the WTPA violation contributed to the underpayment as well" *Mateer v. Peloton Interactive, Inc.*, 22 Civ. 740 (LGS), at *4 (S.D.N.Y. July 14, 2022); *See Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR), 2020 WL 1330744, at *7-8 (S.D.N.Y. Mar. 20, 2020) (finding that the requirement that employers provide wage notices and statements was meant to protect an employee's concrete interest in being paid what he is owed under the NYLL); *Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13 Civ. 6455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018) (finding that "violation of the procedures created by the relevant provisions of the NYLL . . . are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights and the responsibilities of their employers").

A fair reading of the law Plaintiff would offer is that it comes down to the extent employees allege not getting a wage notice and wage statement led to unpaid wages. Plaintiff's counsel would concede that it is not enough to have a complaint that contains both a claim for

unpaid wages and a claim the employer failed to provide a wage notice. There does have to be allegations of how the wage notice violation led to the unpaid overtime.

In this case, Plaintiff submits the complaint contains more than just a claim for unpaid wages, and a claim the employer failed to provide a compliant wage notice and wage statement. Here, Plaintiff also alleges Defendants wilfully never informed of any New York or federal overtime rules and regulations whatsoever. (Compl., paras. 36, 73, 76.)

Plaintiff believes he can amend his complaint to add additional allegations that would be sufficient to withstand a motion to dismiss. First, Plaintiff would allege that the employer engaged in an intentional scheme, or a series of acts, designed to deprive Plaintiff of proper overtime pay. Plaintiff would allege Defendants had knowledge of their obligation to provide notice of pay rate, and notice of overtime hours worked each week. Defendants knew they were not paying the proper rate, or paying the required premium for overtime hours. Defendants wanted to get away with paying lower rates and no overtime, and so they did not provide a compliant wage notice and statements.

Plaintiff's counsel also would like to inquire with Plaintiff as to what Plaintiff would have done had he received proper notice of pay rates and overtime hours worked each week. Plaintiff would offer that what an employee would have done had they received proper notice or statements is relevant to the injury inquiry.

Plaintiff would ask the Court to allow Plaintiff until June 8, 2023, to file an amended complaint. Plaintiff does not believe the amended complaint, or any briefing on the proposed motion, would impact discovery, so in terms of timing, Plaintiff would submit June 8 is a reasonable date for a first amendment of the complaint.

As always, I thank this Court for its time and consideration.

Respectfully submitted,
***/s Mohammed Gangat***
Mohammed Gangat, Esq.